

DOC # ___16___

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*



The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

July 10, 2014

**BY HAND**
The Honorable Kevin Nathaniel Fox
U.S. District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re: *United States* v. *Israel Reyes*, et al., 14 Mag. 1512

Dear Judge Fox:

The lead defendant in this case, Israel Reyes, was arrested yesterday and presented before Judge Peck. The defendant was bailed on conditions, which included (i) a $150,000 personal recognizance bond, co-signed by four financially responsible people and secured by $20,000 cash and (ii) home incarceration in a location acceptable to the Government and/or the Court. The defendant is to be detained until all conditions are met. The charges against the defendant are contained in the attached complaint.

The Government respectfully requests that the Court stay Judge Peck's release order until Monday, July 21, should the defendant meet the conditions of release before that time.[1] The Government is considering an appeal of Judge Peck's order. Among other things, the Government is evaluating evidence that was seized pursuant search warrant of a residence where the defendant was staying. The execution of that warrant was still in progress at the time of presentment, but the search resulted in the seizure of a significant quantity of heroin in a "trap" in the apartment. Further, the Pre-Trial Report contained somewhat unclear information about the status of charges against the defendant in Bronx County, and the Government is attempting to obtain further information about the disposition of those charges and/or whether they are still pending.

Even if the Court grants the requested stay, the Government will interview potential co-signers and confer with defense counsel regarding the defendant's residence upon release during

*7/10/14*

*Having considered the defendant's opposition to the instant request as set forth in his counsel's July 10, 2014 letter, the instant request is denied.*

*S.O ORDERED:*

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX, U.S.M.J.

[1] Judge Peck's Chambers directed the undersigned to submit this application for a stay to Your Honor.

the period of any stay.

Respectfully submitted,

PREET BHARARA
United States Attorney

by: _____

Brendan F. Quigley
Assistant United States Attorney
(212) 637-2190 (phone)
(212) 637 0086 (fax)
brendan.quigley@usdoj.gov

cc: Jonathan Marvinny, Esq. (via e-mail)

**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

July 10, 2014

**By fax (212-805-4060)**

Honorable Kevin N. Fox
United States Magistrate Judge
Southern District of New York
40 Foley Square
New York, New York 10007

> ### Re:    United States v. Israel Reyes
> ### 14 Mj. 1512 (UA)

Dear Judge Fox:

As counsel to Israel Reyes, I write in opposition to the government's request for a stay of Judge Peck's release order ("the order"). The government has not provided any valid reason for the Court to stay the order; the Court should deny its request.

Remarkably, the government indicates that it has not even determined whether it will ultimately appeal the order, and instead writes that it is merely "considering" an appeal. Gov't Letter, July 10, 2014. That is simply not a valid basis for a stay. The criteria for determining whether to grant a stay include: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Sutherland v. Ernst & Young LLP*, 856 F. Supp. 2d 638, 640 (S.D.N.Y. 2012) (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009)). The government does not satisfy even one of them. We will discuss the first two in particular as they are "the most critical." *Nken*, 556 U.S. at 434.

First, given that the government is not even certain it will ultimately appeal, it is impossible to conclude that it is "likely to succeed on the merits." And even if it were definitely going to appeal, the government has not shown that it is likely to succeed, as Judge Peck's bail determination was carefully considered and resulted in a set of conditions much more onerous than those recommended by Pretrial Services, who recommended Mr. Reyes's release. Second, the government will hardly suffer

Honorable Kevin N. Fox                                    July 10, 2014
United States Magistrate Judge
Southern District of New York

Re:   United States v. Israel Reyes
      14 Mj. 1512 (UA)

"irreparable injury" should Mr. Reyes be released before the government appeals the
order. The government would still be free to appeal and Mr. Reyes could simply be
ordered back into jail if the reviewing court ordered detention.

        In short, the government has not demonstrated that it is entitled to a stay, and its
request should be denied. In any event, if the government intends to appeal, it should do
so by tomorrow, Friday, rather than compel Mr. Reyes to spend the weekend in jail
waiting for an appeal that may never occur.


                                        Sincerely,


                                        /s/ Jonathan Marvinny
                                        Jonathan Marvinny
                                        Assistant Federal Defender
                                        (212) 417-8782


cc:   Brendan F. Quigley, Esq.
      Assistant United States Attorney