**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 16, 2015

**BY ECF**

The Honorable Loretta A. Preska
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    **United States v. Alexander Morillo, 14 Cr. 483 (LAP)**

Dear Chief Judge Preska:

      Pursuant to Your Honor's referral, defendant Alexander Morillo entered a guilty plea on February 26, 2015 before Magistrate Judge Kevin N. Fox. The Government respectfully requests that Your Honor accept the defendant's guilty plea. A copy of the transcript of the defendant's plea allocution, along with a proposed Order accepting the guilty plea, are attached for Your Honor's consideration.

      At the plea proceeding, Magistrate Judge Fox set a sentencing control date of June 26, 2015. The Government respectfully requests that the Court schedule sentencing for that time or for another time convenient to the Court.

                   Respectfully submitted,

                   PREET BHARARA
                   United States Attorney
                   Southern District of New York

         By:    /s/ Shawn G. Crowley
                   Brendan F. Quigley/Shawn G. Crowley
                   Assistant United States Attorneys
                   (212) 637-2190/1034

Enclosures

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X
                                  :
UNITED STATES OF AMERICA          :   **ORDER**
                                  :
     - v. -                       :   14 Cr. 483 (LAP)
                                  :
ALEXANDER MORILLO,                :
                                  :
          Defendant.              :
                                  :
- - - - - - - - - - - - - - - - - X

       WHEREAS, with the consent of defendant ALEXANDER MORILLO, his guilty plea allocution was made before a United States Magistrate Judge on February 26, 2015;

       WHEREAS, a transcript of the allocution was made and thereafter was transmitted to the District Court; and

       WHEREAS, upon review of that transcript, this Court has determined that the defendant entered the guilty plea knowingly and voluntarily and that there was a factual basis for the guilty plea;

       IT IS HEREBY ORDERED that the defendant's guilty plea is accepted.

SO ORDERED:

Dated:    New York, New York
          _____, 2015


                    _____
                     THE HONORABLE LORETTA A. PRESKA
                     CHIEF UNITED STATES DISTRICT JUDGE

F2q1morp

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  UNITED STATES OF AMERICA,

4          v.                              14-CR-483 (LAP)

5  ALEXANDER MORILLO,

6              Defendant.                  Plea

7  ------------------------------x

8                                          New York, N.Y.
                                           February 26, 2015
9                                          10:35 a.m.

10
   Before:
11
                      HON. KEVIN N. FOX,
12
                                        Magistrate Judge
13

14                        APPEARANCES

15 PREET BHARARA
        United States Attorney for the
16      Southern District of New York
   BY:  BENET KEARNEY, ESQ.
17      SHAWN CROWLEY, ESQ.
        Assistant United States Attorneys
18
   OLIVER S. STORCH, ESQ.
19      Attorney for Defendant

20

21 ALSO PRESENT:  CARLOS RAMIREZ, Pretrial Services Officer

22

23

24

25

F2q1morp

1        (Case called)

2        THE DEPUTY CLERK:  Counsel, please state your name for

3   the record.

4        MS. KEARNEY:  Good morning, your Honor.  Benet Kearney

5   and Shawn Crowley for the government.

6        THE COURT:  Good morning.

7        MR. STORCH:  Oliver Storch for Mr. Alexander Morillo.

8   Good morning, Judge.

9        THE COURT:  Good morning.

10        Is there an application on behalf of the defendant?

11        MR. STORCH:  There is, your Honor.  With the court's

12   permission, my client wishes to change his plea from not guilty

13   to enter a plea to the plea agreement that's before the

14   honorable court to Count One of the superseding indictment,

15   your Honor.

16        THE COURT:  I have before me indictment S1 14-CR-483,

17   a multicount indictment.  We'll be focusing on Count One of the

18   indictment only, which charges a violation of Title 21 United

19   States Code Section 846, which makes it an offense for a person

20   to conspire with others to violate the laws of the United

21   States respecting controlled substances.

22        You have a right to have this morning's proceeding

23   presided over by a district judge.  You may if you wish consent

24   to have a magistrate judge preside over this morning's

25   proceeding.  In that connection I have before me a document

F2q1morp

1  labeled Consent to Proceed Before a United States Magistrate

2  Judge on a Felony Plea Allocution.

3          Mr. Cancellarich, please swear the defendant, please.

4          THE DEPUTY CLERK:  Will the defendant state his name

5  for the record, please.

6          THE DEFENDANT:  Alexander Morillo.

7          (Defendant sworn)

8          THE COURT:  Mr. Morillo, I want to show you the

9  consent form about which I've been speaking.  Do you recognize

10 the document, sir?

11         THE DEFENDANT:  Yes.

12         MR. STORCH:  Would your Honor want my client to sit or

13 stand?

14         THE COURT:  Sit and pull the microphone close to you.

15         THE DEFENDANT:  Yes, your Honor.

16         THE COURT:  Have you had an opportunity to review it

17 with your attorney?

18         THE DEFENDANT:  Yes, your Honor.

19         THE COURT:  Is there anything contained in the consent

20 form that you do not understand?

21         THE DEFENDANT:  I understand everything, your Honor.

22         THE COURT:  Do you acknowledge that the form explains

23 in greater detail what I mentioned to you a moment ago about

24 your right to have this proceeding presided over by a district

25 judge and, further, that by signing the document, you are

F2q1morp

1    agreeing that a magistrate judge may preside over this

2    morning's proceeding?

3           THE DEFENDANT:  Yes, I understand, your Honor.

4           THE COURT:  Is your true signature on the consent

5    form?

6           THE DEFENDANT:  Yes.

7           THE COURT:  Did anyone force you to sign the document?

8           THE DEFENDANT:  No, your Honor.

9           THE COURT:  Let me turn my attention to your counsel.

10   Is your signature also on the consent form?

11          MR. STORCH:  It is, your Honor.

12          THE COURT:  Very well.  I shall sign the document and

13   then we shall continue.

14          Mr. Morillo, would you state your full name, please.

15          THE DEFENDANT:  Alexander Morillo.

16          THE COURT:  In the last 24 hours have you consumed any

17   medicine, alcohol, or drugs that would affect your ability to

18   understand what you're doing here today?

19          THE DEFENDANT:  No, your Honor.

20          THE COURT:  Are you under the care of a physician or

21   psychiatrist for any condition?

22          THE DEFENDANT:  No, your Honor.

23          THE COURT:  Have you ever been treated for alcoholism

24   or drug addiction?

25          THE DEFENDANT:  Yes, your Honor.

F2q1morp

1         THE COURT:  Which, alcoholism or drug addiction?

2         THE DEFENDANT:  Drug addiction.

3         THE COURT:  When or approximately when was the last

4    time that you received treatment for that condition?

5         THE DEFENDANT:  Last week, Thursday.

6         THE COURT:  Is there anything about the treatment that

7    you're receiving for that condition that would affect your

8    ability to understand what you're doing here today?

9         THE DEFENDANT:  No, your Honor.

10        THE COURT:  Do you feel all right today?

11        THE DEFENDANT:  Yes, your Honor.

12        THE COURT:  What is the extent of your education, sir?

13        THE DEFENDANT:  High school education.

14        THE COURT:  Have you received a copy of indictment

15   S1 14-CR-483?

16        THE DEFENDANT:  Yes, your Honor.

17        THE COURT:  I understand -- and your counsel made

18   reference to it -- that you and he and a representative of the

19   government have reached an agreement in connection with your

20   tender of a plea of guilty and that notwithstanding the offense

21   recited in Count One of the indictment, it's the understanding

22   of the parties that you'll be pleading to a lesser included

23   offense in satisfaction of that charge.  Is that correct, sir?

24        THE DEFENDANT:  Yes, your Honor.

25        THE COURT:  Do you understand the charge to which you

F2q1morp

1  are pleading?

2          THE DEFENDANT:  Yes, your Honor.

3          THE COURT:  Have you had sufficient opportunity to

4  speak with your attorney about the charge to which you are

5  pleading and how you wish to plead to it?

6          THE DEFENDANT:  Yes, your Honor.

7          THE COURT:  Are you satisfied with the assistance that

8  your attorney has rendered to you in connection with this case?

9          THE DEFENDANT:  Yes, your Honor.

10          THE COURT:  Are you ready to plead to Count One of the

11  indictment, understanding that your plea is to a lesser

12  included offense in connection with Count One of the

13  indictment?

14          THE DEFENDANT:  Yes, your Honor.

15          THE COURT:  What is your plea to the lesser included

16  offense, guilty or not guilty?

17          THE DEFENDANT:  Guilty.

18          THE COURT:  Are you a United States citizen?

19          THE DEFENDANT:  Yes.

20          THE COURT:  Do you understand that by pleading guilty

21  to the lesser included offense, a felony offense, you may be

22  giving up certain valuable civil rights that you possess, among

23  others the following: the right to vote; the right to hold

24  public office; the right to serve on a jury; the right to

25  possess any type of firearm, including rifles or shotguns; the

F2q1morp

1    right to possess certain types of professional licenses; and

2    the right to be considered for certain types of employment?

3              THE DEFENDANT:  Yes, your Honor, I understand.

4              THE COURT:  Because the offense to which you are

5    pleading involves controlled substances, under Title 21 United

6    States Code Section 862, as a consequence of your plea, you may

7    be no longer entitled to benefits to which you would otherwise

8    be entitled, among them the following: Social Security; food

9    stamp benefits; education loans or grants; and public housing

10   or housing subsidies.  Do you understand, sir?

11             THE DEFENDANT:  I understand, your Honor.

12             THE COURT:  I have to determine whether you are

13   pleading guilty voluntarily and whether you have a full

14   understanding of the nature of the charge to which you are

15   pleading and the possible consequences of your plea, so I shall

16   be asking you additional questions.  I first want to ensure

17   that you understand the nature of the charge made against you.

18             Count One of the indictment as originally crafted

19   charges that you participated in a conspiracy to distribute and

20   possess with intent to distribute 1 kilogram and more of

21   mixtures and substances containing a detectable amount of

22   heroin, in violation of Title 21 United States Code

23   Section 841(a)(1), 841(b)(1)(A), and 846, and as I indicated

24   earlier, you and your counsel and representatives of the

25   government have reached an agreement whereby you, and have,

F2q1morp

entered a plea of guilty to the lesser included offense of

conspiracy to distribute and possess with intent to distribute

mixtures and substances containing a detectable amount of

heroin, in violation of Title 21 United States Code

Section 841(a)(1), 841(b)(1)(C), and 846.

The law provides as the maximum penalty for the

offense to which you have tendered a plea of guilty the

following: a maximum sentence of 20 years' imprisonment; a

maximum fine pursuant to Title 21 United States Code

Section 841(b)(1)(C) and Title 18 United States Code

Section 3571 of the greatest of $1 million, twice the gross

pecuniary gain derived from the offense, or twice the gross

pecuniary loss to persons other than yourself resulting from

the offense; a maximum term of supervised release of life; a

mandatory minimum term of supervised release of three years; a

mandatory $100 special assessment; and you are subject to an

order of restitution pursuant to Title 18 United States Code

Section 3663, 3663(a), and 3664.  If you are sentenced to a

term of supervised release and violate the terms and conditions

of the supervised release such that it is revoked, you would

expose yourself to serving in prison all or part of the term of

supervised release authorized by statute for the offense that

resulted in such term of supervised release, without credit for

time previously served on postrelease supervision.

Mr. Morillo, do you understand the nature of the

F2q1morp

1    charge to which you are tendering a plea of guilty?

2              THE DEFENDANT:  Yes, your Honor, I understand.

3              THE COURT:  Do you also understand the range of

4    penalties including the maximum sentence to which you're

5    potentially exposing yourself by your plea?

6              THE DEFENDANT:  Yes, your Honor, I understand.

7              THE COURT:  Do you understand that you have a right to

8    plead not guilty, to have a jury trial on the charge to which

9    you've tendered a plea of guilty?

10             THE DEFENDANT:  I understand, your Honor.

11             THE COURT:  Do you understand that if you plead not

12   guilty and go to trial, the burden would be upon the government

13   to prove that you're guilty beyond a reasonable doubt?

14             THE DEFENDANT:  Yes, I understand, your Honor.

15             THE COURT:  Do you also understand that at a trial,

16   you would be presumed innocent until the government proved your

17   guilt beyond a reasonable doubt?

18             THE DEFENDANT:  Yes, I understand, your Honor.

19             THE COURT:  Do you understand that at such a trial and

20   at every other stage of the proceedings, you'd have the right

21   to be represented by an attorney, and if necessary, the court

22   would appoint an attorney to represent you?

23             THE DEFENDANT:  Yes, I understand, your Honor.

24             THE COURT:  Do you understand that at a trial, you'd

25   have the right to testify, to confront and question any

F2q1morp

```
1    witnesses who might testify against you, and the right not to

2    be forced to be a witness against yourself and that you do not

3    have to testify against yourself or incriminate yourself?

4              THE DEFENDANT:  Yes, I understand, your Honor.

5              THE COURT:  Do you understand that at trial you'd be

6    entitled to call witnesses to testify and to compel the

7    attendance of witnesses?

8              THE DEFENDANT:  Yes, I understand, your Honor.

9              THE COURT:  Do you understand that if you plead

10   guilty, there will be no trial of any kind so that you give up

11   your right to a trial, and the only remaining step would be for

12   the assigned district judge to sentence you?

13             THE DEFENDANT:  Yes, I understand, your Honor.

14             THE COURT:  Sir, are you certain that you understand

15   the nature of the charge to which you are tendering a plea of

16   guilty?

17             THE DEFENDANT:  Yes, I understand.

18             THE COURT:  And are you certain that you understand

19   the range of penalties, including the maximum sentence to which

20   you are potentially subjecting yourself by your plea?

21             THE DEFENDANT:  Yes, I understand, your Honor.

22             THE COURT:  Have you and your attorney talked about

23   how the Sentencing Commission guidelines, which are advisory

24   only, might inform the sentence to be imposed upon you?

25             THE DEFENDANT:  Yes.
```

F2q1morp

1            THE COURT:  Do you understand that in determining your

2   sentence, the sentencing judge is obligated to calculate the

3   applicable Sentencing Guidelines range and possible departures

4   under the Sentencing Guidelines?

5            THE DEFENDANT:  Yes, I understand.

6            THE COURT:  Do you understand that in addition to the

7   factors set forth in the Sentencing Commission guidelines, the

8   sentencing judge will also consider factors that are found at

9   18 U.S.C. Section 3553 in determining what an appropriate

10   sentence might be for you?

11            THE DEFENDANT:  Yes, I understand, your Honor.

12            THE COURT:  Do you understand that the sentencing

13   judge may be obligated to impose a special assessment on you?

14            THE DEFENDANT:  Yes, I understand.

15            THE COURT:  Do you understand that parole has been

16   abolished and that if you are sentenced to prison, you will not

17   be released on parole?

18            THE DEFENDANT:  Yes, I understand, your Honor.

19            THE COURT:  Do you understand that the answers you

20   give to me today under oath may in the future be used against

21   you for perjury or false statement if you do not tell the truth

22   to the court?

23            THE DEFENDANT:  Yes, I understand, your Honor.

24            THE COURT:  What are the elements of the offense to

25   which Mr. Morillo is tendering a plea of guilty?

F2q1morp

1          MS. KEARNEY:  If this case were to go to trial, the

2     government would prove two elements of the offense:

3          First, that the defendant agreed with others to

4     distribute and to possess with intent to distribute heroin; and

5     secondly, that he did so knowingly.

6          The government would also demonstrate by a

7     preponderance of the evidence that at least one act in

8     furtherance of this agreement took place in the Southern

9     District of New York.

10          THE COURT:  Thank you.

11          Mr. Morillo, having heard the elements of the offense

12     to which you have tendered a plea of guilty, is it still your

13     desire to plead guilty?

14          THE DEFENDANT:  Yes, your Honor.

15          THE COURT:  Have any threats been made to you by

16     anyone to influence you to plead guilty?

17          THE DEFENDANT:  No, your Honor.

18          THE COURT:  Have any promises been made to you

19     concerning the sentence that you will receive?

20          THE DEFENDANT:  No, your Honor.

21          THE COURT:  I want to draw your attention once again,

22     because it has been mentioned already that you and your counsel

23     and representatives from the government have reached certain

24     agreements and understandings in connection with your tender of

25     a plea of guilty, and those agreements and understandings were

F2q1morp

1    reduced to a writing, specifically a letter dated January 9,

2    2015, addressed to Oliver S. Storch, your attorney.  I have a

3    copy of that document before me, which I shall show you.  Do

4    you recognize the document, sir?

5              THE DEFENDANT:  Yes, your Honor.

6              THE COURT:  Did you have an opportunity to review it

7    with your attorney?

8              THE DEFENDANT:  Yes, your Honor.

9              THE COURT:  Is there anything contained in the

10   January 9, 2015 writing that you do not understand?

11             THE DEFENDANT:  No, your Honor.

12             THE COURT:  I want to draw to your attention also that

13   the indictment S1 14-CR-483, in addition to reciting various

14   statutory violations, contains a forfeiture allegation in which

15   the United States government indicated it will seek to recoup

16   from you the proceeds of the illegal conduct described in the

17   indictment.  Are you aware that the indictment has a forfeiture

18   allegation, sir?

19             THE DEFENDANT:  Yes, I'm aware, your Honor.

20             THE COURT:  The January 9, 2015 writing about which I

21   spoke a few moments ago contains an admission of the forfeiture

22   allegation, an admission by you to that allegation.  Are you

23   aware of that, sir?

24             THE DEFENDANT:  Yes, I'm aware.

25             THE COURT:  The document also contains an analysis of

F2q1morp

1  how the Sentencing Commission guidelines might apply to your

2  case.  Are you aware of that?

3          THE DEFENDANT:  Yes, I'm aware, your Honor.

4          THE COURT:  Do you understand that notwithstanding the

5  analysis of the guidelines in the January 9, 2015 writing, the

6  impact, if any, of the Sentencing Commission guidelines may

7  have on the sentence to be imposed upon you is left solely to

8  the discretion of the sentencing judge?

9          THE DEFENDANT:  Yes, I understand, your Honor.

10          THE COURT:  There is text in the January 9, 2015

11  writing that constricts your ability to appeal from or

12  collaterally attack the judgment of conviction or sentence that

13  might be imposed upon you.  Are you aware of that, sir?

14          THE DEFENDANT:  Yes.

15          THE COURT:  And there's also language in that document

16  that restricts your ability to seek a sentence modification

17  under Title 18 United States Code Section 3582(c).  Are you

18  aware of that?

19          THE DEFENDANT:  Yes, I'm aware, your Honor.

20          THE COURT:  Let me show you the last page of the

21  January 9, 2015 writing.  Is your true signature on that page,

22  sir?

23          THE DEFENDANT:  Yes, sir.

24          THE COURT:  Did anyone force you to sign the document?

25          THE DEFENDANT:  No, your Honor.

F2q1morp

1              THE COURT:  Let me turn my attention to your counsel

2     again.  Is your signature also on this page?

3              MR. STORCH:  Yes, it is, your Honor.

4              THE COURT:  And representatives of the government also

5     signed the last page of the document?

6              MS. KEARNEY:  Yes, we did.

7              THE COURT:  Mr. Morillo, other than the agreements and

8     understandings that you and your attorney and representatives

9     of the government have made and reached that are outlined in

10    the January 9, 2015 writing about which we have been speaking,

11    have any other agreements or understandings been made or

12    reached with you in connection with your tender of a plea of

13    guilty?

14             THE DEFENDANT:  No, your Honor.

15             THE COURT:  Sir, is your plea being made voluntarily,

16    that is, of your own free will?

17             THE DEFENDANT:  Yes, your Honor, it's voluntarily.

18             THE COURT:  Did you commit the lesser included

19    offense, that is, the lesser included to the offense that's

20    recited in Count One of the indictment S1 14-CR-483?

21             THE DEFENDANT:  Yes, your Honor.

22             THE COURT:  Could you tell me in your own words what

23    it is that you did that makes you believe yourself guilty of

24    that lesser included offense.

25             THE DEFENDANT:  Between February 2014 and November

F2q1morp

1    2014, I agreed with others to possess and distribute heroin in

2    the Bronx, New York.  I know what I did was illegal and I did

3    it in my knowledge.

4            THE COURT:  Any questions you would have me put to the

5    defendant, Ms. Kearney?

6            MS. KEARNEY:  None, your Honor.

7            THE COURT:  Mr. Storch, are you aware of any reason

8    why your client should not plead guilty?

9            MR. STORCH:  I do not, your Honor.

10           THE COURT:  Is the government aware of any reason why

11   the defendant should not plead guilty?

12           MS. KEARNEY:  Your Honor, we don't believe this

13   affects the defendant's competence to plead guilty; however,

14   probation has informed us that on Monday, Mr. Morillo tested

15   positive for opiates and admitted this to the probation officer

16   that he had used heroin.  Again, we don't believe it affects

17   his competence to enter a plea.

18           MR. STORCH:  If I may, your Honor.

19           THE COURT:  Just one moment.

20           MR. STORCH:  Sure.

21           THE COURT:  Notwithstanding the information about the

22   use of a controlled substance, is there any reason the

23   government is aware of why the defendant should not plead

24   guilty?

25           MS. KEARNEY:  Other than that, no.

F2q1morp

```
 1              THE COURT:  All right.  Mr. Storch, do you want to be
 2    heard?
 3              MR. STORCH:  Sure, your Honor.  When I received the
 4    email last night at 5:30, I made sure to interact with my
 5    client this morning, as best as I could, to ascertain that he's
 6    alert and that he's of sound mind, ready to proceed, and it's
 7    my opinion that he is, your Honor.  Again, I'm not a healthcare
 8    professional, but I do believe that my client understands the
 9    nature of the proceedings and is ready to go forward, as he has
10    done, your Honor.
11              THE COURT:  All right.  I did explore with him at the
12    beginning of this proceeding whether he had consumed any
13    substance that would affect his ability to understand what he's
14    doing here today and he indicated to me that he had not and
15    that he felt well, and from that I determined to proceed with
16    the pleading proceeding.  Nothing that I have observed while
17    watching Mr. Morillo has indicated that he is not aware of the
18    questions that I have put to him.  He's been able to answer
19    them appropriately, so I determine that it's appropriate to
20    continue with the proceedings.
21              If the matter were to proceed to trial, what evidence
22    would the government offer for the charge to which Mr. Morillo
23    pleaded to?
24              MS. KEARNEY:  At trial the government's evidence would
25    have included, among other things, wiretap evidence, testimony
```

F2q1morp

1    from law enforcement officials, and testimony from a

2    cooperating witness.

3              THE COURT:  Would you tell me in a general way what

4    the law enforcement testimony and the cooperating witness

5    testimony might include.

6              MS. KEARNEY:  Sure.  If I could just have a minute.

7              THE COURT:  Sure.

8              (Government counsel conferring)

9              MS. KEARNEY:  Your Honor, the cooperator would testify

10   about his involvement in the conspiracy.  Law enforcement

11   witnesses would also testify regarding the wiretap evidence as

12   well as observed drug buys.

13             THE COURT:  And how would either the testimony of the

14   cooperating witness or the law enforcement officer testimony

15   and/or the wiretap evidence relate to Mr. Morillo?

16             MS. KEARNEY:  Again, if I could have a minute.

17             THE COURT:  Sure.

18             (Government counsel conferring)

19             MS. KEARNEY:  Your Honor, on the wiretaps, the

20   defendant was recorded making purchases of drugs.

21             THE COURT:  Is there some evidence that would identify

22   that he had some agreement with others to possess whatever he

23   purchased for the purpose of distributing it, as opposed to

24   purchasing drugs for his own use?

25             MS. KEARNEY:  Yes.  The law enforcement witnesses

F2q1morp

1     would also testify that the amount purchased by the defendant

2     was not consistent with personal use but rather was

3     distribution.

4               THE COURT:  All right.  Thank you.

5          I'm satisfied that Mr. Morillo understands the nature

6     of the charge to which he has tendered a plea of guilty.  I'm

7     satisfied that he understands the consequences of his plea of

8     guilty.  I'm satisfied that the plea is being made voluntarily

9     and knowingly and that there is a factual basis for the plea.

10    I shall report and recommend to the assigned district judge

11    that the plea be accepted.

12         I'm going to fix a date for sentence and I shall

13    direct the parties to contact the assigned district judge to

14    determine whether that date is convenient for sentencing.  I'll

15    fix June 26, 2015.

16         I'll direct that a presentence report be prepared

17    prior to that date.  In connection with the preparation of that

18    report, the government should present its case summary

19    materials to the probation department not later than 14 days

20    from today.  The defendant and his counsel should make

21    themselves available for an interview with the probation

22    department not later than 14 days from today.  I shall direct

23    the government to obtain a transcript of the minutes generated

24    during this proceeding and provide same to the assigned

25    district judge before the date of sentence.

F2q1morp

1              Is there any request with respect to bail?

2              MS. KEARNEY:  No, your Honor.  The government's

3    understanding is that the current conditions should continue.

4              I'd also just want to draw your attention -- probation

5    would like to be heard regarding the defendant's drug use and

6    treatment.

7              MR. STORCH:  It's pretrial, your Honor.

8              THE COURT:  Pretrial services?

9              MS. KEARNEY:  I'm sorry.  Pretrial.

10             THE COURT:  Mr. Storch, what is your client's position

11   on bail?

12             MR. STORCH:  Your Honor, my client voluntarily, upon

13   his arrest, and once your Honor set the conditions of bond,

14   voluntarily enrolled in the Abraham House Alternatives to

15   Incarceration program, which is located in the Bronx.  We've

16   had significant updates.  They update the court for every court

17   appearance.  I did receive an update at 1:30 a.m., which I was

18   not able to print out.  I came straight from home to my office.

19   And Mr. Morillo attends the Abraham House program twice a week.

20   These are programs designated to foster better understanding of

21   one's place in the community.  The drug element of that is

22   addressed through pretrial, and I dare not speak for them.

23   They'll better be able to explain to the court the particular

24   program that my client is in.  It's my understanding that when

25   there was an initial drug test, my client continued with the

21

F2q1morp

1    program and he has since been -- his frequency or the intensity

2    of the program has been heightened.  Obviously I'm saddened to

3    hear that there was a positive drug test recently, and it's my

4    client's desire to rid himself of the demons of drugs, but at

5    the end of the day, he himself has to, of course, do that.  So

6    to update your Honor, he's continuing with the Abraham House

7    program twice a week.

8         He also is enrolled in a drug program, and I would ask

9    the honorable court to give my client another chance.  I know

10   it's a lot to ask for a second second chance, so to speak, but

11   the scourge of drug addiction is not something that sort of

12   heals overnight.  Some people make better progress than others.

13   I did explain to my client, you know, unlike an individual who

14   is not standing accused of a crime and, incidentally, on a drug

15   crime, it's sort of ironic here my client just pled guilty to

16   distributing drugs but he himself is essentially an abuser.

17   It's never by way of excuse but by way of mitigation.  He has

18   to get himself clean.  I don't believe an incarcerative setting

19   is necessarily the best place.  Drugs are available even in

20   jail.  I would recommend to the honorable court for him to

21   continue the course of having the more intense drug program,

22   which he just recently started, and continually update Chief

23   Judge Preska as to the progress.

24        And I think that is my position, your Honor, and I

25   thank your Honor for asking.

F2q1morp

1          THE COURT:  All right.  Do representatives from the

2     pretrial services want to address the court?

3          MR. RAMIREZ:  Your Honor, Carlos Ramirez from pretrial

4     services.  I'm the drug and alcohol treatment specialist.  With

5     me is Erica Cudina, the officer who is actually supervising the

6     defendant.

7          We did not bring this matter to the court seeking

8     remand or we're not seeking his detention.  We were looking to

9     inform the court and we were concerned about his drug use

10    because he was in an outpatient program.  We recently placed

11    him in a detox program because of his addiction to opiates.  He

12    was in a week's detox from February 2nd to February 7th.

13    He completed the detox program and resumed the outpatient

14    treatment program, SCAN NY, that he's attending.  However, he

15    shared with us that he purchased heroin on 2/19, Thursday,

16    February 19th, and he used that heroin on Friday, the 20th.

17    He reported to the office on Monday, the 23rd, which was

18    earlier this week, and he was found positive for opiates.  So

19    we were concerned, number one, because we have him in an

20    outpatient program.  They wanted him detoxed for him to be part

21    of that program and to receive benefit from the program.  They

22    can't have someone in a program who's under the influence.  So

23    we had to detox him, and we just did that earlier this month.

24    He's relapsed -- and we understand the concept of relapse --

25    apparently by purchasing drugs and using them, and he's back in

F2q1morp

outpatient treatment.  But we did not think it would be
advisable not to share this with the court.  We wanted the
court to be aware of that, and especially since there's a plea
taking place this morning, we wanted to make sure that he was
not under the influence and represent to the court what we
believe is the case, that he did not use drugs prior to coming
to court, but if the court wanted to know, we wanted the court
to know that he has used recently.  He is in treatment.  We are
continuing to monitor that.  We're hoping that he understands
that his continued use of drugs, purchasing, possessing, using,
is not something that we want him to do, it's not something
that the court wants him to do, and that if this continues,
either his using drugs, purchasing, being arrested, or not
complying with treatment, we will be informing Judge Preska,
who is the judge who has this case for sentencing, and if Judge
Preska or if your Honor wants to take action, we'd let the
court decide that, but for now we will continue to monitor him
and hope he understands that this continued use of illegal
drugs or prescription drugs, because that was his addiction
before, is not something we tolerate or condone.

THE COURT:  All right.  Thank you.

Mr. Morillo, as your attorney indicated, the choice is
yours.  You have to reach a point where you're determined to
curb your appetite for controlled substances.  If you do not,
the ability that you have now to remain at liberty and among

F2q1morp

1   your family and friends is going to be jeopardized because the

2   pretrial services office, as you heard, will continue to

3   monitor you and it's going to report to the court your

4   progress, or lack thereof, and if there is a lack of progress,

5   if there is again a relapse, it's unlikely that the freedom

6   that you enjoy today, to come into the court under your own

7   steam and to return home under your own steam, will continue,

8   but it's really up to you.  No one can do this for you.  It's

9   something that you have to do for yourself, with the aid of the

10  personnel at the program that you're involved in, but

11  ultimately, it's on you.  Your fate is in your hands.

12          So I'm going to continue the bail conditions that were

13  previously fixed for you.  You're going to have to continue to

14  work and work very hard with the professionals at the program

15  that you're involved in to address your addiction.  I'm hopeful

16  that what you're hearing today will impress upon you the need

17  to do and pursue a course of conduct different from that which

18  you have pursued previously.  But it's up to you.  As your

19  lawyer said, being in jail is not going to help you necessarily

20  address the problem that you have.  Participating in a program

21  that the pretrial services office has helped you be involved in

22  is something that can help you, if you want to help yourself,

23  and only if you want to help yourself.  It's up to you, sir.

24          All right.  I've given you the sentence date.  I've

25  told the parties to contact the assigned district judge to make

F2q1morp

1    sure that that date is convenient for sentencing, and I'm

2    hopeful, Mr. Morillo, that there's not going to be any more

3    reports from the pretrial services office that you're not

4    working as hard as you can to avoid the purchase of illegal

5    drugs or the use of and abuse of prescription drugs, but only

6    time will tell.

7            All right.  Is there anything else that we needed to

8    address?

9            MS. KEARNEY:  Not from the government, your Honor.

10           MR. STORCH:  Not from the defense, your Honor.  I just

11   wanted to point out that Mr. Morillo's family is in court.  His

12   mother is here, a hard-working immigrant who came to the United

13   States and has worked from the day she got here, so I think

14   it's especially insulting to his family to engage in this type

15   of conduct.  Obviously addiction is not something that's so

16   easily addressed, but he has all the tools.  The family's

17   behind him.  The offices of the pretrial service have been very

18   vigilant in terms of monitoring him, and the Abraham House

19   program is also expending all their efforts.  As your Honor

20   eloquently pointed out, it is really up to Mr. Morillo to

21   really step up, because at the end of the day, there is an

22   advisory sentencing range of 87 to 108 months with a statutory

23   maximum of 20 years that we ultimately have to deal with, and

24   like I say, I appreciate your Honor's sort of reading the riot

25   act to Mr. Morillo.  Thank you.

F2q1morp

1                THE COURT:  All right.  Good day.

2                MR. RAMIREZ:  Thank you, Judge.

3                THE COURT:  You're welcome.

4                                o0o

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25