UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ISRAEL REYES,
                Petitioner,

    -versus-

UNITED STATES OF AMERICA,

                Respondent.

No. 14 Cr. 00483 (LAP)

No. 16 Civ. 6293 (LAP)

ORDER

LORETTA A. PRESKA, SENIOR UNITED STATES DISTRICT JUDGE:

    On May 13, 2015, Israel Reyes pleaded guilty to drug conspiracy charges and on November 12, 2015, the Court sentenced him to 168 months' imprisonment. Mr. Reyes now moves to vacate and set aside his conviction and sentence under 28 U.S.C. § 2255 for ineffective assistance of counsel. (See Motion dated June 29, 2016 [dkt. no. 2].) Mr. Reyes contends that his lawyer provided ineffective assistance at his sentencing by failing to: (1) advise the Court that Mr. Reyes tried to change his residence while on pre-trial release to leave an apartment where drug dealing was taking place; (2) explain the circumstances of Mr. Reyes's prior drug convictions; and (3) apprise the Court of certain details of Mr. Reyes's background, including his learning disability, sexual abuse, early history with narcotics activity, and charitable endeavors. (Motion at 5 & Addendum A;

1

Memorandum of Law in Support of § 2255 Motion, dated June 29, 2016 ("Pet. Br.") [dkt. no. 2] at 4-8.)[1]

To prevail on an ineffective assistance claim regarding alleged sentencing failures, the "petitioner must show (1) that counsel's performance was the proximate cause of some increment of the sentence, (2) that the implicated performance 'fell below an objective standard of reasonableness,' and (3) that there is a 'reasonable probability' that the sentencing outcome would have been different but for counsel's ineffective performance." Soto-Beltran v. United States, 946 F. Supp. 2d 312, 316 (S.D.N.Y. 2013) (quoting Arakelian v. United States, No. 08 Civ. 3224, 2009 WL 211486, at *5 (S.D.N.Y. Jan. 28, 2009)).

Applying that framework here, the Court concludes that Mr. Reyes is not entitled to relief because he has not established, at a minimum, that his lawyer's performance in the sentencing process was objectively unreasonable. First, many of the topics Mr. Reyes faults his lawyer for not raising were in fact before the Court at the time of sentencing. For example, Mr. Reyes's

---

[1] Mr. Reyes also argues that his lawyer performed deficiently in the lead-up to his guilty plea. (Pet. Br. at 8-13.) His reply memorandum makes clear, however, that Mr. Reyes is not targeting the alleged plea misconduct as an independent basis for § 2255 relief; instead, he discusses it "only to provide the court with relevant information concerning the relationship between counsel and defendant, and to establish a continuing course of conduct within which to view [counsel's] subsequent failures during the sentencing phase of the case." (Reply Memorandum, dated Oct. 31, 2016 [dkt. no. 7] at 2-3.) The Court has taken Mr. Reyes's lawyer's plea-related conduct into account in evaluating the overall merits of Mr. Reyes's § 2255 claim.

2

request to change apartments while on pre-trial release was previously raised in connection with a bail hearing. (See Motion, App'x at A-38.) At sentencing, the Court reiterated its impression from the bail hearing that it was unlikely that Mr. Reyes had no involvement in the drug dealing taking place in the apartment. (Id. at A-148-49.) Similarly, Mr. Reyes's learning disabilities and charitable efforts were recounted in the PSR or attachments to Mr. Reyes's sentencing submission. (See Government's Opposition, dated Oct. 22, 2016 [dkt. no. 6] at 14-15.) And although Mr. Reyes contends his lawyer should have discussed the childhood sexual abuse he suffered, he admits his lawyer had no knowledge of that abuse. (See Pet. Br. at 15.)

Second, it was not objectively unreasonable for Mr. Reyes's attorney to omit the items he did not address at the sentencing. "[I]t is not sufficient for the habeas petitioner to show merely that counsel omitted a nonfrivolous argument, for counsel does not have a duty to advance every nonfrivolous argument that could be made." Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994). At sentencing, Mr. Reyes's lawyer focused on his client's difficult upbringing, his post-arrest rehabilitation, and his strong relationships with family and friends. From a strategic standpoint, it was not unreasonable for Mr. Reyes's attorney to avoid getting into Mr. Reyes's plans to move to Florida and buy a business there, presumably with drug-dealing

proceeds, or the details of Mr. Reyes's prior convictions, or Mr. Reyes's early history with narcotics -- all of which would have risked spotlighting negative aspects of Mr. Reyes's past. While a different lawyer might have charted a different course at sentencing, the Court cannot say that the approach Mr. Reyes's lawyer pursued was constitutionally unreasonable.[2]

For the foregoing reasons, Mr. Reyes's motion is DENIED. Because Mr. Reyes has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will be not granted. The Clerk of the Court is directed to mail a copy of this order to Mr. Reyes and to mark this action closed and all pending motions denied as moot.

SO ORDERED.

Dated: March 26, 2020
       New York, New York

_____
LORETTA A. PRESKA
Senior U.S. District Judge

---

[2] Although Mr. Reyes requests a hearing on his § 2255 motion, he has not articulated any colorable basis for relief, making a hearing unnecessary. See 28 U.S.C. § 2255(b) (no hearing needed when "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief").